# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2816 | **DATE** | 3/21/2003 |
| **CASE TITLE** | Jose Dominguez vs. CTA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to strike (21) is granted in part and denied in part. Paragraphs 6, 8, 10, 11 of plaintiff's affidavit are stricken. Enter memorandum opinion and order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 24 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 30 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | 03 MAR 24 AM 7:47 date mailed notice | |
| | | Date/Time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE DOMINGUEZ, )
)
Plaintiff, ) No. 02 C 2816
)
vs. ) Judge Lindberg
)
CHICAGO TRANSIT AUTHORITY, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

DOCKETED
MAR 2 4 2003

Defendant has moved to strike portions of Plaintiff's Rule 56.1(b)(3) response paragraphs 35, 99 through 101, 103, 110, 123 through 125, and 139 through 141, paragraphs 1, 6, 8, 10 through 13, and 16 of plaintiff's affidavit, and those portions of Plaintiff's Statement of Additional Facts which rely on those paragraphs. Defendant's motion is granted in part and denied in part.

The portion of defendant's motion which seeks to have stricken paragraphs of Plaintiff's 56.1(b)(3) statement is denied. Instead, the court in the exercise of its discretion will disregard any facts that are argumentative, respond to facts with legal conclusions, or mischaracterize or miscite the record. See Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 545-46 (7th Cir. 2002) (citation omitted).

With regard to paragraph 1 of the affidavit: "There are four cameras on the bus. One camera looks from the front towards the back and a second camera looks from the back to the front. The other two cameras are pointed to the doors of the bus. Obstructing one of the cameras would not imperil the safety of the driver or the passengers since the

02 C 2816

remaining three cameras cover the bus" will not be stricken. As a bus operator, plaintiff could make such statements based on personal knowledge.

Paragraph 6 of the affidavit: "I informed a CTA manager in 1999 that one of the African-American clerks responsible for keeping the overtime books was charging money to sign the overtime book. The clerk remained an employee and did not miss any days from work. The African-American clerk was neither suspended nor terminated. I would have noticed if he was off work for more than a day" will be stricken along with any of plaintiff's additional facts that are supported by paragraph 6. In his deposition, plaintiff testified he told a CTA manager that a co-worker told plaintiff that co-workers were paying the window clerks to work overtime. Therefore, plaintiff has no personal knowledge of the incident. See Fed. R. Civ. P. 56(e) ("supporting and opposing affidavits shall be made on personal knowledge. . . .").

Paragraph 8 of the affidavit: "In September of 1999, Schaeffer, an African-American manager, disciplined me for being late to work. I informed him that there was an emergency in my family because my brother rushed to the hospital. Although I presented a doctor's note to Schaeffer, I was still disciplined. African-American employees were not disciplined under similar circumstances when they had a medical emergency with a family member" will be stricken, along with any of plaintiff's additional facts that are supported by paragraph 8, because plaintiff does not have personal knowledge as to whether the African-American employees were disciplined.

02 C 2816

Paragraph 10 of the affidavit: "I have seen several black drivers either drinking while at work, or smelling of alcohol. These individuals included Rogers in 1998, Jackson in 1999, Henry in 1998/1999, and Dunlap three times in 1999. I did not tell my managers about this. I did however tell several of my supervisors about this incidents. No action was taken to discipline these employees. Each of these drivers were African-American and I continued to see them at work" will be stricken along with any of plaintiff's additional facts that are supported by paragraph 10. This statement is in direct conflict with plaintiff's deposition testimony. Plaintiff testified he twice told supervisors that black drivers, one called "Jackson" and one he could not name, were drinking once in 1997 and once in 1998. When asked if there were any other occasions when he told the supervisor that some bus drivers had been drinking or appeared as if he had been drinking, plaintiff responded no. Plaintiff has failed to give any explanation for the discrepancy. See Rogers v. City of Chicago, No. 00 C 2227, 2001 WL 1665157, at *4 (N.D. Ill. Dec. 26, 2001), (a court may give credence to a later filed affidavit that contradicts deposition testimony if the party offering it can demonstrate that the deposition statement was mistaken), aff'd, No. 02-0211, ----F.3d ---, 2003 WL 483202 (7th Cir. Feb. 26, 2003). Furthermore, plaintiff could not have any personal knowledge as to the discipline of these African-American bus drivers. See Rule 56(e).

Paragraph 11 of the affidavit: "Shaeffer instructed many more Hispanics, than non-Hispanics, to submit to drug testing. I observed this during my years as a driver at the Chicago Transit Authority and in conversations with other bus drivers" will be stricken

3

02 C 2816

along with any of plaintiff's additional facts supported by paragraph 11 as support. This statement is not based on personal knowledge. See Rule 56(e).

Paragraphs 12 & 13 of the affidavit: "Mitchell, without good reason, ordered me to participate in a drug test. He did not give me papers to give to the nurse or tell me it was for reasonable suspicion," and "[a]dditionally, Darryl Lampkins ordered me to submit to a drug test while I was at the Archer Station. He did not give me paperwork to give to the nurse or tell me it was based on reasonable suspicion" will not be stricken. They are based upon personal knowledge

Paragraph 16 of the affidavit: "Hispanic employees were counseled or reprimanded for working overtime while non-Hispanic and African-American employees were allowed to work overtime without being counseled or reprimanded. I observed this on many occasions as a driver and in conversations with drivers" will not be stricken.

ORDERED: Defendant's motion to strike [21] is granted in part and denied in part. Paragraphs 6, 8, 10, 11 of plaintiff's affidavit are stricken.

ENTER:

*[signature: George W. Lindberg]*

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: MAR 2 1 2003

4